```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
LONZA GREENWOOD LLC,                                                 :
:
                            Plaintiff,                             :     1:25-mc-317
:
        -against-                                                  :     <u>ORDER</u>
:
NATALS, INC. d/b/a/ RITUAL                                           :
:
                           Defendant.                              :
:
:
-------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      On July 30, 2025, Plaintiff Lonza Greenwood LLC ("Lonza") filed motion to file an exhibit to its proposed complaint under seal. Dkt. No. 11. Lonza asserts that there is "good cause" to seal that document because it contains "confidential commercial terms . . . ." Dkt. No. 11-2 ¶¶ 2, 3.

      The request is denied without prejudice because more than a showing of "good cause" is required to seal a judicial document, particularly one to which the First Amendment right of public access may attach. When a First Amendment right of access attaches to a document, "there exists a qualified, presumptive First Amendment right of public access to the proceeding or document." *Courthouse News Service v. Corsones*, 131 F.4th 59, 67 (2d Cir. 2025). "[I]f such a presumptive right exists, the proponent of closure must establish through specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotations and citations omitted). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id.*

The First Amendment right of access to documents is analytically distinct from the common law right of access to judicial documents. "In contrast to the First Amendment right, the common law right attaches with different weight depending on two factors: (a) 'the role of the material at issue in the exercise of Article III judicial power' and (b) 'the resultant value of such information to those monitoring the federal courts.'" *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 164–65 (2d Cir. 2013) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "In addition to the weight afforded to the presumptive right of access, the common law right is balanced against countervailing interests favoring secrecy. Because of these differences between the common law right and the First Amendment right, it is necessary to keep the two standards conceptually distinct when analyzing a particular proceeding or document." *Id.*

The Second Circuit has in recent days issued two opinions regarding the nature of the findings that a district court must make in order to justify sealing a document. *See Guiffre v. Maxwell*, 24-182-cv(L), 24-203-cv(CON) (2d Cir. July 23, 2025); *Lee v. Greenwood*, 23-7432-cr (2d Cir. July 28, 2025).

Any renewed application should address the legal standard that applies to a request seal documents. The Court requests that counsel consider whether a request to seal the proposed attachment to the complaint should be considered under the First Amendment framework or the common law framework. The decision to attach the document to the complaint may impact Plaintiff's burden to seal the document at this stage of the case.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 11.

SO ORDERED.

Dated: July 30, 2025
      New York, New York

                                                     GREGORY H. WOODS
                                                   United States District Judge
                                                        Part I